JUNKINS *versus* DOUGHTY FALLS UNION SCHOOL DISTRICT.

By R. S., c. 1, § 3, art. 3, words importing a joint authority to three or more officers, or other persons, shall be considered as giving authority to the *majority* of such officers or persons, unless it shall be otherwise expressly declared in the law giving such authority.

A committee of three or more persons duly appointed by a school district to superintend the erection of a school-house, and the laying out and expending the money raised by the district, if they employ another person to build the house, cannot maintain an action in their own names for such services, but the action must be brought by the one rendering the services to the district.

And a majority of such committee may employ *one of their own number* for such service, and unless there is fraudulent or corrupt dealing, *such person* may in his own name recover of the district the amount of his claims.

Where the district raised a certain sum of money *towards purchasing land* and *erecting a school-house* of prescribed dimensions, they can interpose no objection to a claim made against them under a contract with their committee, that a larger sum was expended by the committee, than that named in the vote.

Nor is it any defence to such a claim, that the school-house was worth no more than the money voted.

But such contractor can only recover for his own services, not for what he has paid to another for his bill against the corporation.

ON REPORT from *Nisi Prius*, SHEPLEY, C. J., presiding. ASSUMPSIT, to recover on account annexed to plaintiff's writ.

It appeared that at a regular meeting of the defendant district, under a warrant containing appropriate articles, it was voted to purchase a lot of land and erect a school-house with suitable out-buildings; also "to raise four hundred dollars towards purchasing land and erecting school-house, out-buildings, &c." and the plaintiff and two others were chosen a committee, under the article, "to see if the district will choose a committee to decide upon the description of school-house and out-buildings necessary for the accommodation of said district, purchase or rent land whereon to locate the same, superintend the erection thereof, and of laying out and expending the money raised by said district."

The committee, after advertising for proposals to do certain work, received none, and employed the plaintiff. The

plaintiff also did work, not included in that contract, amount-ing to $34,38, which was approved by the committee. He also paid one Butler $18, for work and materials furnished by him in building the school-house. For these two sums this suit was brought.

Evidence of the services rendered, and of the sum paid Butler was submitted. Butler's claim was mainly for lum-ber furnished for the house.

The cost of the house was $506,14.

Evidence was introduced by defendants tending to show that the house was not worth more than $350.

The case was submitted to the full Court to decide upon so much of the testimony as might be legal.

*N. D. Appleton,* for defendants.

1. All of the committee should have joined in the suit. It was a *joint* committee, with one trust to perform a spe-cific duty, and to draw the pay from a common fund by their *joint order.* Stat. 1850, c. 193, art. 2, § 9; 1 Saunders, 153; 1 Chitty's Plead. 8; *Nelson* v. *Milford,* 7 Pick. 18; *Shearman* v. *Akins,* 4 Pick. 283; *Darling* v. *Simpson,* 15 Maine, 175; *Moody* v. *Sewall,* 14 Maine, 295.

The committee cannot divide and split their accounts and subject the district to several suits. *Keyes* v. *Westford,* 17 Pick. 275: *Scammon* v. *Proprietors of Saco Meeting-house,* 1 Maine, 262.

2. It was not competent for the committee to contract with one of their number. They were *agents* to whom was confided a *personal trust.* Story on Agency, 11, 199 to 203; 2 Kent's Com. 618; 4 Kent, 438; *Mills* v. *Goodsell,* 5 Conn. 251; *Church* v. *M. Ins. Co.,* 1 Mason, 341; 4 Mass. 522; *Keyes* v. *Westford,* 17 Pick. 273.

3. They were limited in their power, and had no right to build a house more expensive than that contemplated by the district. *Davis* v. *School District in Bradford,* 24 Maine, 349.

4. The actual worth of the house was not over $350, and

the money raised by the district was ample. In any aspect the charge of $18, paid to Butler, cannot be included.

*Eastman* and *Leland,* for plaintiff.

SHEPLEY, C. J. — At a meeting of the district holden on April 26, 1851, called by virtue of a warrant containing appropriate articles, a vote appears to have been passed " to purchase land and erect a school-house and out-buildings thereon for the district." And a vote " to raise four hundred dollars towards purchasing land and erecting a school-house, out-buildings, &c." Also a vote " to have a committee of three," and " chose Haven A. Butler, Albert Junkins, Oliver Thurrell, committee."

From the testimony of Butler it appears, that the committee procured a lot, a frame for the house, and some lumber; that they then made out a specification for the building, and put up notices for proposals to build it; that no proposals were presented within the time allowed; that a person proposed to perform the work as required for $200, on condition " that the committee would become personally liable to pay him," which they declined to do ; that he then agreed to perform the same work for $190; that the plaintiff was employed to perform other work, including the painting, not included in his contract, for which he presented his bill of $34,38, which was allowed by the other members of the committee.

For the recovery of that amount, and for an additional sum paid by him to Butler, this action has been commenced.

Butler states that the whole cost of the house was $506,14. The district contends, that its committee was not authorized to expend more than the $400; that the house was not worth that sum; and it interposes other objections to a recovery.

1. The first is, that all the members of the committee should have united in the suit.

Where money is jointly expended by a committee, and where they jointly enter into a contract, they should join in

an action to recover the money or to enforce the contract. Where a committee employs another person to labor for their principal, they are not obliged to commence a suit to collect the amount due to such person, and pay it to him. The person employed may, by a suit in his own name, recover of their principal the amount due to him.

Assuming that a majority of the committee might lawfully employ one of its own members to work upon the house, he would have the same right as another person to maintain a suit against the district to recover compensation for it.

2. It is insisted, that the committee could not lawfully employ one of its own members to do such work; that the trust was a personal one to be performed by all.

A majority of a committee so composed is authorized by statute to act. Ch. 1, § 3, art. 3. A majority having such authority to do what all its members might, constitutes a party capable of employing; and one of the members of the committee, not acting as such, but as an individual, constitutes another party capable of contracting or of being employed. In such case the contract is not made or the person employed by a committee attempting to make a contract or incur a liability with itself.

A committee might thus act corruptly and fraudulently, by two different members making contracts with each of the others, so that each should have a contract in the performance of the work entrusted to all. In such case their contracts would be set aside. There is in this case no proof authorizing an inference that there has been fraudulent or corrupt dealing.

3. The third objection is, that the committee were not authorized to expend more than $400.

The vote was to raise $400, "towards" purchasing land and erecting a school-house. Instead of imposing a limitation, it holds out an intimation that more might be required. The votes under which the committee acted, authorized them to procure land, and to erect a school-house upon it of certain dimensions.

4. It is objected that the house was not worth $400; and testimony is presented to prove it.

The authority conferred upon the committee, was not to erect a house and to receive for it what it might be adjudged to be, or be really worth. When, in the exercise of their authority to build, they employed a person to work upon the house, it would be wholly immaterial to his right to recover, whether the house was or not worth its cost. He entered into no contract, that it should be.

There is one item in the plaintiff's account, for which he is not entitled to recover. It is the sum of $18, paid to Butler for work and materials furnished for the house.

The plaintiff cannot pay the accounts of others against the district, and recover the amount so paid in a suit in his own name.

Deducting that amount and the amount credited, there appears to be due to the plaintiff $32,14, for which, with interest from the date of the writ, he will be entitled to judgment.                         *Defendants defaulted.*