HENRY SCHMIDT *vs.* COUNTY OF STEARNS.

## August 14, 1885.

County of Stearns—Small-Pox—Employment of Physicians—Appointment and Payment of Health Officers.—The act of the legislature, approved November 4, 1881, entitled "An act to authorize the county commissioners of Stearns county to take measures to prevent the spreading of small-pox," (Sp. Laws, 1881, Ex. Sess. c. 104,) is a remedial statute, and to be liberally construed. Under it the county board of Stearns county were authorized to employ the assistance of physicians, and the proper sanitary and remedial agencies so far as was reasonably necessary. They might also, in their discretion, constitute individual members of the board health officers *pro tempore* for their respective districts, with special authority to direct in the employment of medical aid and the use of necessary sanitary remedies. And where one of the commissioners, in the discharge of such duty, in good faith employed a physician, but without the previous authority of the board, who rendered services and incurred expenses reasonably necessary to prevent the spread of the contagion, *held*, that the board might subsequently ratify such employment, and make the expenses of such physician so incurred, in so far as just and reasonable, a valid charge against the county.

Plaintiff brought this action in the district court for Stearns county to recover the value of medical services rendered and medicines furnished. The action was tried before *Crosby*, J., (acting for the judge of the seventh district,) and a jury, and upon the close of the evidence the court directed a verdict for defendant. Plaintiff appeals from an order refusing a new trial.

*Taylor & Taylor*, for appellant.

*Theo. Bruener*, for respondent.

VANDERBURGH, J. To meet the exigencies growing out of the presence of small-pox, in epidemic form, in several of the towns of Stearns county, causing wide-spread alarm, the legislature, at its extra session in 1881, passed an act, approved November 4th, entitled "An act to authorize the county commissioners of Stearns county to take measures to prevent the spreading of small-pox." Sp. Laws 1881, (Ex. Sess.) c. 104. Under its provisions the board of county com-

missioners were authorized to adopt such regulations concerning vaccination, quarantine, and other preventive means as they might deem proper; and for such purposes were further authorized to appropriate such sums of money as might be needed, out of the revenue fund of the county. Among the provisions included in certain "regulations" thereafter adopted by the board, in reference to the subject, at a meeting held on the 17th day of November, was one authorizing the employment of sundry physicians, including the plaintiff, and fixing their compensation, to be under the supervision and direction of the commissioners of the respective districts, and to assist in carrying out the regulations of the board; and said doctors were "authorized to perform any medical service that any commissioner may require, and for such services shall receive pay at the rate aforesaid." The commissioners were also authorized to exercise general supervision in the premises in their respective districts, and each commissioner was fully empowered to act in any matter "that may by him be deemed advisable to prevent the spreading of such disease, and to observe and carry out these rules and regulations."

The act in question is remedial, and is to be largely and beneficially construed to advance and subserve, and not embarrass, the purpose of its enactment. Effective regulations could not be promptly and successfully enforced without the employment of medical counsel and assistance and the necessary sanitary and remedial agencies, including supervision and police. These, therefore, the board were authorized to employ, and such necessary and reasonable expenses as should thereby be incurred would be a proper charge against the county; and, within the limitations prescribed by the rules, the expenses so authorized to be incurred by the several commissioners in their respective districts, in the use of proper means reasonably necessary to arrest the disease, would also constitute lawful claims against the county. *Labrie* v. *Manchester*, 59 N. H. 120.

Subsequently, however, on the 13th of December, 1881, the board passed the following resolution: "Resolved, that from and after this date, the county will not be responsible for any claims against the county in small-pox cases, and that all doctors named in the resolution of November 17, 1881, are hereby dismissed, except Dr. A. G.

Jaques and Dr. J. A. Dubois." Of course, this did not take away the power of the board to incur necessary expenses in the discharge of its duty, should further exigencies require it. The bills of the physicians whose services were to be continued in such cases would be paid in pursuance of the regulations, which, save as modified by this resolution, still remained in force; and the supervision and authority of the commissioners in their several districts would also continue as before, save that all bills incurred would not be recognized unless authorized by the board. The resolution might be set aside, or its operation suspended, and the several commissioners, acting as health officers, might be authorized by the board to require the services of the plaintiff, as well as the physicians whose employment was continued.

Subsequently, in the month of January following, the disease appears to have again broken out and spread extensively in several towns in one of the districts, and the commissioner of such district, who was newly elected and but recently qualified, thereupon authorized and employed the plaintiff to assist in preventing the spread of the disease, by vaccination and other appropriate means, with the knowledge and approval of other members of the board, but without any official action on their part; and thereafter plaintiff's bill for his services and medicines and expenditures was, as appears by the record, acted on, approved, and allowed in part by the board. While the danger lasted, and the necessity for action on the part of the commissioners existed, it would be largely in the discretion of the board to determine what means should be used or authorized, and what expenses might be reasonably incurred in carrying out the regulations. And we are unable to see why, if in any particular case it should be made to appear that expenses reasonably necessary were incurred by one of the commissioners in endeavoring to arrest the spread of the contagion, the board might not either authorize such expenditures in advance, or thereafter recognize, ratify, and pay the same under the powers given them by the act above referred to. The plaintiff's claim was thus approved and allowed in part, and he does not complain of the action of the board. Their ratification would so far validate what they might have authorized. 1 Dill. Mun. Corp. § 463, (385;) *People* v. *Swift*, 31 Cal.

26; *Dubuque College* v. *District Tp.*, 13 Iowa, 555. The question as to the accuracy and reasonableness of the charges would, however, still be a proper subject of examination upon appeal.

We think, therefore, that the court erred in directing a verdict for the defendant, and that there should be a new trial.

Order reversed.