NEIL CURRIE *vs.* SCHOOL-DISTRICT No. 26 OF MURRAY COUNTY.

April 19, 1886.

**Contract between School-District and School Trustee Held Voidable.**
A director or trustee is not permitted to be a party to a contract entered into between himself and other trustees of a school-district, stipulating for his services or employment upon terms, or for a compensation, fixed by such contract. Such contract is voidable at the election of the district.

**Same—Public Policy.**—The rule is founded in public policy, and is a salutary one to prevent the risk of abuse, and therefore does not permit an inquiry as to the alleged fairness or unfairness of such contract.

**School-District—Unauthorized Contract.**—In order to bind the district, contracts must be made or ratified by at least a majority of the board, after notice and opportunity to all the trustees to participate in the transaction.

The plaintiff brought this action in the district court for Murray county to recover upon three orders issued by Harris Scovell, the clerk of the defendant, attested by Mons Larson, the director, and directed to the treasurer, who had refused payment. The first order was drawn in favor of Mons Larson, or order, for labor on school-house; the second was drawn in favor of H. Scovell, or order, for labor on school-house; the third was drawn in favor of Harris Scovell, or order, for stove, pipe, and fuel, and all three were purchased for value by the plaintiff. The action was tried before *Perkins*, J., without a jury, who found the facts substantially as recited in the opinion, and directed judgment for defendant. Plaintiff appeals from the judgment.

*B. H. Whitney* and *John Lind*, for appellant.

*H. C. Grass*, for respondent.

VANDERBURGH, J. It is found, and must be taken as true for the purposes of this appeal, that money for the erection of a school-house had been provided by the defendant school-district, and its erection duly ordered; and also that Mons Larson, director, C. C. Cole, treasurer, and Harris Scovell, clerk, constituted the board of trustees.

The court also found "that the board of trustees entered into a contract with Mons Larson aforesaid, who was then director of said district, and one of said board of trustees, whereby the said Mons Larson agreed to erect a school-house in said district from materials supplied by the district for the agreed price of two dollars and fifty cents per day; and that in building said school-house the said Mons Larson, with the consent of Harris Scovell, clerk, as aforesaid, employed one Howard Scovell, at the agreed price of $1.50 per day." It is further found that Larson erected and completed the house pursuant to the contract, and that the compensation agreed to be paid him was just and reasonable. It also appears that a school-district order was executed and issued to Larson for the amount due him under the contract, which is the first cause of action in the complaint.

The validity of this order is disputed on the ground that the contract so made with the trustees by one of their number was against public policy, and voidable by the district. In *Jones* v. *Morrison*, 31 Minn. 140, 148, (16 N. W. Rep. 854,) it was held that a director of a private corporation could not act or form a part of a quorum to act on a proposition to increase his own compensation. A director or trustee is not permitted to be a party to a contract entered into between himself and other trustees or agents of the corporation, stipulating for his services or employment upon terms, and for a compensation, fixed by such contract. That is to say, such contract may be repudiated by the corporation, at its election. *Gardner* v. *Butler*, 30 N. J. Eq. 702, 721; *Rider* v. *Union India Rubber Co.*, 5 Bosw. 85, 97; *Butts* v. *Wood*, 37 N. Y. 317.

In the case of *Aberdeen Ry. Co.* v. *Blaikie*, 1 Macqueen, 461, 471, the court states the reason of the rule as follows: "It is the duty of such agents so to act as best to promote the interests of the corporation whose affairs they are conducting. Such agents have duties to discharge of a fiduciary character towards their principal, and it is a rule of universal application that no one having such duties to discharge shall be allowed to enter into engagements in which he has, or can have, a personal interest conflicting, or which possibly may conflict, with the interests of those he is bound to protect. So strictly

is this principle adhered to that no question is allowed to be raised as to the fairness or unfairness of a contract so entered into; * * * so inflexible is the rule that no inquiry on that subject is permitted." Story, Agency, § 210; 1 Story, Eq. § 322; *Flagg* v. *Manhattan Ry. Co.*, 10 Fed. Rep. 413; S. C. 21 Am. Law Reg. 787, 788; *Cumberland Coal Co.* v. *Sherman*, 30 Barb. 553, 572; *Stewart* v. *Lehigh Valley R. Co.*, 38 N. J. Law, 505; *Smith* v. *City of Albany*, 61 N. Y. 444; *Marsh* v. *Whitmore*, 21 Wall. 178; *Wardell* v. *Railroad Co.*, 103 U. S. 651, 658.

In the case at bar, the defendant is a public corporation, or *quasi* corporation, with limited powers, and the duties and authority of the trustees are carefully defined by the statute; and although a majority of the board may make or authorize contracts at a meeting called for such purpose, of which all the members are notified, (Laws 1881, *c.* 41, § 3,) yet the rule as above stated applies with full force in such cases. The trustees, occupying a fiduciary relation as agents of a common principal, cannot contract with each other so as to bind the district by the terms of a mutual engagement between them. That is to say, such contract is voidable by the district, at its option, and it may resist the enforcement thereof. *Pickett* v. *School-District*, 25 Wis. 551, 558. *Junkins* v. *Union School-District*, 39 Me. 220, and *Rogers* v. *Danby Universalist Soc.*, 19 Vt. 187, are in conflict with these views, but we think these cases are not sustained by authority.

As before indicated in the authority above quoted from, it matters not that the contract seems a fair one. The rule is a salutary one, founded on public policy, to guard against the hazard of abuse, and cannot be departed from to meet the exigencies of particular cases. *Stewart* v. *Lehigh Valley R. Co.*, 38 N. J. Law, 505, 522–3.

2. No contract is found to have been made by the district with Howard Scovell, who assisted Larson in building the school-house, for the services on account of which the order constituting the second cause of action herein was issed. But the facts are specially stated in the finding of the court, from which it appears that the contract was made with him by Larson, with the consent of the clerk; but it does not appear that the other member was ever consulted in re-

spect to it, or that it was ever authorized or ratified by the board. So, also, the purchase of the stove and pipe for the school-house by the clerk, at the request of Larson, was unauthorized for the same reason, and it does not appear to have been subsequently ratified by the board. Contracts of this character, involving expenditures for labor, furniture, and supplies, should be authorized by the board at a meeting called for the transaction of such business, after due notice to all the members. Laws 1881, c. 41, § 3. Compliance with this provision of the statute is essential, and involves no serious inconvenience, for the reason that it is easy to anticipate what the necessary and lawful expenditures will be, and make provision therefor at meetings of the board in which all the members have an opportunity to participate. The orders issued for these claims were therefore also unauthorized. *Bentley* v. *County of Chisago*, 25 Minn. 259.

The action is not brought for the value of the goods or services, but the complaint counts upon the orders only. But we think that it is not sufficient evidence of a ratification that the goods were suffered to remain in the school-room, if placed there without authority, (*Kane* v. *School-District*, 52 Wis. 502; 9 N. W. Rep. 459;) and the use of the school-house on which Scovell and Larson worked is not, of itself, a ratification of the contracts made with them, for the district was entitled to the possession of its own property. But if chattels which the board is authorized to purchase for the use of the district are accepted and retained by the district, or by the trustees, it would seem just and reasonable that it should become liable for the reasonable value thereof, in the proper action therefor, though the contract of purchase under which they were delivered was unauthorized or unratified. The corporation should not be permitted to repudiate the contract, and retain the fruits of it. *Pickett* v. *School-District, supra.*

Judgment affirmed.

BERRY and MITCHELL, JJ., (*dissenting.*) Assuming that, in making the alleged contract for the erection of the school-house, Larson acted as a member of the school board on the one hand, as well as for himself on the other, (though the finding does not make it clear

that such was the *fact*,) then, upon the principle distinctly enunciated by this court in *Jones* v. *Morrison*, 31 Minn. 140, (16 N. W. Rep. 854,) the contract was *"prima facie* voidable, at the election" of the district,—not absolutely, but *prima facie* voidable. That is to say, in this case the district would not have the *absolute right* to avoid the contract, but the burden of showing that it should not be avoided would rest upon Larson. Now, we can conceive of no other way in which he could do this except by showing that the contract was honestly entered into, was fair and reasonable in its terms, and for the interest and advantage of the district. In our judgment, this was done in this case, for, in addition to the facts found, as stated in the majority opinion, the trial court has found "that, at the time of the making of said contract, the section of country in which the defendant school-district is located was sparsely settled, labor was difficult to obtain, and only one carpenter was in the vicinity, and he asked three dollars per day for wages; that said contract was let and taken without any intent on the part of the board or the director, directly or indirectly, to profit thereby, nor did they, or either of them, so profit thereby in excess of reasonable wages." We therefore perceive no reason why the contract was not just and lawful, and binding upon the district, and hence, upon this branch of the case, dissent from the majority opinion.