A. H. ANDREWS and others *vs.* SCHOOL-DISTRICT No. 4, OTTER TAIL. COUNTY.

June 13, 1887.

School-District — Contract for Supplies. — *Currie* v. *School-District*, 35. Minn. 163, followed, to the effect that to bind a school-district a contract. by two trustees for purchase of supplies for the district must be authorized at a meeting of the trustees.

Same—Implied Contract.—If such supplies are received and used for the benefit of the district, under such circumstances and for such length of time as to raise the presumption that it was with the common consent of the district, it will be bound to pay for them.

Same—Evidence.—Facts considered, and *held* not necessarily to raise that presumption.

Plaintiffs brought this action in the district court for Otter Tail county, to recover for goods alleged to have been sold and delivered to defendant. The action was tried, without a jury, before *Baxter*, J., who ordered judgment for defendant. Plaintiffs appeal from an order refusing a new trial.

*Chas. L. Lewis*, for appellants.

*Clapp, Woodard & Cowie*, for respondent.

GILFILLAN, C. J. It is conceded that the express contract by two of defendant's trustees with plaintiffs, for the purchase of the articles to recover the value of which this action is brought, was not binding upon the defendant, because not made or authorized at a meeting of the trustees as a board. In *Currie* v. *School-District*, 35 Minn. 163, (27 N. W. Rep. 922,) it was decided that such contracts must be authorized by the board at a meeting called for the transaction of such business after due notice to all its members. The plaintiffs must recover, if at all, on an implied undertaking of the district to pay for the goods, arising from its having received and used them. As the two trustees could not, without being authorized at a meeting of the board, bind the district by express agreement to purchase and pay for the goods, they could not, without such authority, by anything

they might do or direct to be done, ratify any such previous agreement. They could not do indirectly what they could not do directly. But if the goods were received and used for the benefit of the district under such circumstances and for such length of time as to raise the presumption that it was with the common consent of the district, or perhaps with the unanimous consent of the trustees, the law would impose on the district the obligation to pay for them.

The court below finds that, by direction of the two trustees, the goods were received, placed in the school-house, and used for about three weeks, until the school term closed. Afterwards some of the articles were used by direction of the clerk of the district, and other of the articles were used from time to time, but by whose direction does not appear. Part of this use was after the legal voters of the district at its annual meeting had expressly repudiated the acts of the two trustees. There is nothing in these facts necessarily leading to the presumption that the goods were used, or any part of them, with the common consent of the district or of the trustees.

Order affirmed.