Decided 2 December, 1901.

## STEINER *v.* POLK COUNTY.

[66 Pac. 707.]

CONTRACT OF COUNTY—RATIFICATION.

A public corporation has the same power to ratify an unauthorized contract that an individual has, provided it is one that the corporation might have made in the first instance; and a ratification is equivalent to an original authorization.

From Polk: GEO. H. BURNETT, Judge.

Action by R. E. L. Steiner against Polk County. From a judgment in favor of plaintiff, defendant appeals.

AFFIRMED.

For appellant there was a brief over the names of *S. L. Hayden, Wm. H. Holmes,* and *J. E. Sibley,* with an oral argument by *Mr. Holmes.*

For respondent there was a brief over the name of *Butler & Townsend,* with an oral argument by *Mr. N. L. Butler.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

The plaintiff, a physician and surgeon, brought this action to recover $125 for professional services rendered one Elroy Jackson, a resident of Polk County, who was severely injured in June, 1898, by a gunshot wound, necessitating the amputation of his leg. At the time of the injury Jackson was a minor, unable to provide himself with proper care or attention, and had no relatives or friends able or willing to help him. The case was of urgent necessity, and, as the county court was not in session, the judge thereof advised and recommended that he be taken to the Salem Hospital for treatment, and requested plaintiff to give him necessary medical attention, and present his bill to the county court; saying that he did not know what the court would do, but was satisfied it would allow a reasonable compensation for his services. In pursuance of this ar-

rangement, the plaintiff had Jackson removed to the hospital, provided with proper care and attention, and rendered him such professional services as were necessary. The county court thereafter allowed and paid bills for Jackson's care, board, and hospital charges, but upon the presentation of plaintiff's claim ''for professional services rendered Elroy Jackson, in the sum of $125,'' after ''duly considering said matter,'' ordered ''that of said account the sum of $41.75 be, and the same is hereby, allowed, and that a warrant be drawn on the county treasurer for said sum in favor of the said R. E. L. Steiner, and that the sum of $83.25 be, and the same is hereby, disallowed.'' The plaintiff refused to accept the amount allowed, and brought this action.

There is no controversy as to the value of the services rendered by plaintiff. It is admitted that he is entitled to recover, if at all, the full amount charged. The sole defense is that the county is not liable, because there never was any contract binding upon it to pay for such services. It is argued that a county is not bound by a contract made by its judge or any other member of the court in vacation for the care of a pauper, but that such contract must be made by the court in session, or by some duly authorized agent. We do not consider that question important here, because, after the contract or arrangement between the county judge and the plaintiff had been executed and the services rendered, the county court, in effect, ratified and approved the same. It paid bills for all incidental expenses incurred by the plaintiff, and when his claim for services were presented and under consideration it did not deny liability or repudiate the contract, but allowed thereon the sum of $41.75; thus, in effect, recognizing its validity, objecting thereto only on the sole ground that the account charged was unreasonable. There could be no question, if the defendant were an individual or private corporation, that such an act would amount to a ratification; and we think the same result follows in the case of a public corporation. A county or other public corporation may, like an individual, ratify an unauthorized contract made in its behalf, if it is one the corporation

could have made in the first instance; and such ratification will be equivalent to original authority: 1 Dillon, Mun. Cor. (4 ed.) § 463; *Murphy* v. *City of Albina,* 22 Or. 106 (29 Pac. 353, 29 Am. St. Rep. 578); *People* v. *Swift,* 31 Cal. 26; *Boydston* v. *Rockwall Co.* 86 Tex. 234 (24 S. W. 272). The question as to whether the county judge had authority in the first instance to make a contract with the plaintiff or not is immaterial.

AFFIRMED.

Decided 12 November, 1901; rehearing denied 9 June, 1902.