CAXTON COMPANY, Appellant, vs. SCHOOL DISTRICT NUM-
BER FIVE, TOWN OF SPOONER, Respondent.

*January 12—February 2, 1904.*

*Schools and school districts: Officers: Purchases: Authority: Ratifi-
cation.*

Sec. 432, Stats. 1898, governing common schools, provides that no
act authorized to be done by the board shall be valid unless
voted at its meetings, and sec. 436, provides that all purchases
shall be approved at a regular meeting of the board at which
all the members are present. The clerk and director of the
defendant district met plaintiff's agent on the highway, agreed
with the latter to purchase of the plaintiff for the district cer-
tain supplies, and gave a school order therefor. No meeting
of the school board, nor approval of the purchase at a meeting
of the school board was had. Plaintiff's agent, in discharge of
the contract, left the supplies at the district school house, with-
out the knowledge of the district officers, and thereafter the
annual district meeting repudiated the transaction. *Held:*

(1) That the school order, and the agreement on which it
was based were invalid.

(2) That nothing short of some affirmative corporate action
by the district would constitute ratification of the transaction.

(3) That neither mere silence of the district officers, nor the
depositing of the supplies in the district school house, and their
subsequent use, constituted a valid ratification.

APPEAL from a judgment of the circuit court for Wash-
burn county: A. J. VINJE, Circuit Judge. *Affirmed.*

Plaintiff, being the owner of what on its face purported
to be a school order issued to it by the defendant through its
authorized officer, payment of which had been refused, com-
menced this action to recover upon the alleged indebtedness
forming the basis thereof. The issues made by the plead-
ings were decided by the court according to a stipulation of
facts made by the parties in effect thus:

October 3, 1899, the clerk and director of the defendant
district met plaintiff's agent on the highway and agreed with
the latter to purchase of plaintiff for the district a chart of

the Caxton School Series, giving therefor in form a district school order for $37.50 payable March 1, 1901. The treasurer of the school district did not participate in or know of the transaction. No meeting of the school board was held as provided by sec. 432, Stats. 1898, at which the subject of purchasing the chart was mentioned. No approval of the purchase of the chart at a meeting of the school board was had, as provided by sec. 436, Id. Plaintiff's agent, some time after the transaction with him aforesaid, in discharge of the plaintiff's contract, left the chart at the schoolhouse in the district, without the knowledge of the school district officers. They learned of the fact in that regard some time thereafter. The chart was used some by the teachers, but not by authority of the district or its officers. In October, 1901, plaintiff was notified that the chart was its property and subject to its disposal. The school order mentioned is the property of the plaintiff. At the annual district school meeting held in July, 1901, the electors of the district, then duly assembled, repudiated the transaction with the plaintiff. May 1, 1901, payment of the school order was refused, first because it was illegal, and second, for want of funds applicable thereto.

From such facts the conclusion was reached that plaintiff had no cause of action, and judgment of dismissal with costs was ordered accordingly. Judgment was entered pursuant thereto, and plaintiff appealed.

The cause was submitted for the appellant on the brief of *Mead & Hoar,* and for the respondent on that of *A. L. Bugbee.*

MARSHALL, J. The judgment must be affirmed. On the facts, as original matters, the school order, and the agreement upon which it is based as well, are condemned by secs. 432, 436, Stats. 1898. The former provides that, "No act authorized to be done by the board shall be valid unless voted at its meeting." The latter provides that all purchases of

the character of the one in question "shall be approved at a regular meeting of the board at which all the members are present." The competency of the school district officers to ratify an absolutely void act, giving it original validity, by mere silence, is ruled against appellant by the elementary principle that under no circumstances can an official act, not performed in the manner required by law, and expressly prohibited unless so done, be ratified by those guilty of nonfeasance or misfeasance in the matter, by any less formal action than should have been originally had. As to whether respondent ratified the purchase of the chart by the mere fact that it was deposited by the plaintiff in its schoolhouse and has remained there and been used by its teachers, without its authorization, is ruled against appellant by *Kane v. School Dist.* 52 Wis. 502, 9 N. W. 459, and *McGillivray v. Joint School Dist.* 112 Wis. 354, 88 N. W. 310, to the effect that the mere receipt by school district officers, of property purchased by them as such without authority and the use thereof by district agencies, does not constitute a ratification of the purchase by the electors; that nothing short of some affirmative corporate action by them will accomplish that result, and then only where they had original authority in the matter. There does not appear to be any basis whatever in the findings for an argument in support of appellant's claim. It is confessed by its counsel, as we understand it, that the school order, and the contract upon which it is based as well, are void, unless made good by ratification, and all circumstances upon which that could be rightly predicated in any event are expressly negatived in such findings.

*By the Court.*—The judgment is affirmed.