## F. H. PETERSON v. COUNTY OF KOOCHICHING.[1]

### June 23, 1916.

### Nos. 19,835—(213).

**County authorized to employ attorney to aid county attorney.**

1. General Statutes 1913, § 970, authorizes the county board to employ an attorney to assist the county attorney in the prosecution of a criminal case, and to pay such attorney out of the funds of the county.

**Same — ratification of act of county attorney.**

2. If the county attorney, after informal conference with the board in session, undertakes to employ an attorney to assist him in pursuance of authority supposedly, though irregularly, given, the county board may thereafter by ratification adopt his action and make it binding on the county, and the allowance of the bill for services of the attorney so chosen constitutes ratification.

Action in the district court for Koochiching county to recover $808.10 for legal services and expenses. The answer admitted that plaintiff rendered services of the value alleged in the complaint, but alleged that they were rendered in a criminal prosecution, and specifically denied that plaintiff was ever employed by defendant. The case was tried before Stanton, J., who made findings and ordered judgment against defendant

[1]Reported in 158 N. W. 605.

for the amount demanded. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*J. H. Brown,* Special Attorney, for appellant.

*F. H. Peterson,* pro se.

HALLAM, J.

Plaintiff rendered services in the prosecution of a criminal case in Koochiching county. He sues the county for the value of his services. The trial court found for plaintiff and defendant appealed.

No question is raised as to the amount of the judgment if plaintiff is entitled to recover at all. The contention is that plaintiff is not entitled to recover any amount.

The statute [G. S. 1913, § 970] provides:

"When there is no county attorney, the county board may employ any competent attorney to perform such legal services for the county as may be necessary. Such board may also employ an attorney other than the county attorney, *either* to assist him, *or* to appear for the county or any officer thereof, in any action to which such county or officer in his official capacity is a party, *or* to advise the board or its members in relation thereto, or in relation to any other matter affecting the interests of the county, and may pay such attorney out of the funds of the county."

The words "employ an attorney other than the county attorney * * * to assist him," are not ambiguous. We must construe them according to their plain and ordinary meaning. They impose no limitation as to the character of the business for which the assistance may be procured, and we can impose none.

It is contended that the authority to employ an attorney to assist the county attorney is limited to the civil cases mentioned in the language which follows. The use of the disjunctives "either" to assist him, "or" to appear for the county in an action to which it is a party, "or" to advise the board, renders such a construction impossible. The first disjunctive clause gives general power to employ an attorney to assist the county attorney; the second, power to employ an attorney to appear of record for the county or an officer thereof in an action; and the third, to employ an attorney to advise the members of the board. The statute is broad enough to authorize the county board to employ an attorney to assist the

county attorney in the prosecution of a criminal case. This construction we believe to be in accordance with the practical construction given to this statute by the bench and bar of the state for many years.

2. The next question is, did the county board employ plaintiff? The evidence is that the county attorney went before the county board when in session and asked for authority to employ an attorney to assist him. No formal action was taken, but the members of the board were "entirely unanimous" in advising the county attorney to employ an attorney to assist him, and pursuant to that advice, he employed plaintiff. When plaintiff came to the county seat to take up the case, the county attorney went with him before the board in session, introduced plaintiff to the members as the attorney he had employed, and while again no formal action was taken, the testimony is that "they all spoke up" and told plaintiff to "go ahead," and "leave nothing undone * * * and wanted the matter given the best possible attention." After the services were rendered the board voted to allow the claim of plaintiff for services as now presented in this action.

It is not necessary to determine whether the informal action of the board of county commissioners in session, not evidenced by any motion or resolution, and of which no record is made, constitutes any binding action of the board, for, however that may be, it is clear that the county attorney, acting on behalf of the county board, did employ plaintiff. It is clear also that the board might ratify this action of the county attorney, and that the board did ratify this action when it allowed plaintiff's bill for services. Schmidt v. County of Stearns, 34 Minn. 112, 24 N. W. 358; State v. Vasaly, 98 Minn. 46, 107 N. W. 818.

Judgment affirmed.

Brown, C. J., took no part.