TRACY CEMENT TILE COMPANY v. CITY OF TRACY.[1]

September 12, 1919.

No. 21,377.

**Municipal contract — charter provision applicable.**

1. A provision of a city charter that, "every ordinance, order or res-

[1]Reported in 176 N. W. 189.

olution, appropriating money, creating any liability of the city, awarding or approving of any contract for the payment of money * * * shall require a four-fifths vote of all the members of the city council," applies to a contract creating an obligation on the part of the city to furnish steam for power. Such a contract authorized by three of five councilmen is of no effect.

**Same — ratification by city council.**

2. Such a contract, being one which the city had power to make, may be subsequently ratified. Ratification can only be by the city council acting as a body. It may be effected by any action or contract which gives to the contract the stamp of approval and this may be done by acquiescence with knowledge of the facts.

**Same — evidence insufficient.**

3. The evidence of ratification in this case is insufficient. There is no evidence of knowledge on the part of the absent members of the terms of the contract.

Action in the district court for Lyon county to recover $3,817.66 for breach of contract. The answer alleged among other matters that the execution of the contract by defendant city was not authorized by any of the provisions of the city charter or the laws of Minnesota, and defendant had no power or authority to enter into or execute such contract. The case was tried before Olsen, J., who when plaintiff rested denied defendant's motion to dismiss the action, and at the close of the testimony defendant's motion for a directed verdict, and a jury which returned a verdict for $962.40. Defendant's motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Reversed.

*A. R. English,* for appellant.

*E. B. Korns* and *Seward & Molle,* for respondent.

HALLAM, J.

The city of Tracy, for some years, operated a municipal water and light plant, using steam for power. In October, 1911, it entered into a contract with plaintiff, by which it agreed to furnish plaintiff the exhaust steam from its plant for a period of three years at $20 a month. Upon the expiration of this contract negotiations were begun for a new contract and in October, 1914, a new contract was entered into for three

years at $30 a month. The city continued to furnish its exhaust steam until November, 1915, at which time it sold its water and light plant to a private corporation. This corporation continued to furnish plaintiff the exhaust steam from the plant until July 1, 1916. At that time it installed an oil engine to provide power for its plant and after that time no exhaust steam was furnished. Thereafter plaintiff sued the city for damages for breach of its contract in failing to furnish steam for the balance of the three-year period covered by the 1914 contract. Plaintiff had a verdict for $962.40. Defendant appeals.

1. The city charter of the city of Tracy contains this provision: "Every ordinance, order, or resolution, appropriating money, creating any liability of the city, awarding or approving of any contract for the payment of money  *  *  *  shall require a four-fifths vote of all the members of the city council."

The contract sued on was clearly a contract creating a "liability of the city." It seems clear that an "ordinance, order, or resolution" authorizing such a contract must, under the terms of the charter, receive a four-fifths vote of all members of the council. The city council is composed of five members. The only action taken was as follows: On October 13, 1914, a "motion" was "made and carried that the mayor and recorder enter into a contract with the Cement Tile Co. for exhaust steam for a period of three years at $30.00 per mo." Only three members of the council were present so the motion could not receive a four-fifths vote. The action of those present was of no effect. It was as though no action had been attempted at all. Nevertheless the mayor and recorder entered into a contract to furnish exhaust steam for a period of three years and also to furnish electricity for light and power for the same period.

2. The contention is made that the contract, though not authorized, was subsequently ratified. The trial court took this view, and instructed the jury as a matter of law that, "by performing the contract and receiving the benefits therefrom for more than a year without objection, the city must be held to have ratified the contract and the contract must be held to be a valid contract." Whether the contract was ratified is the question now presented.

This was a contract which the city had the power to make. It is well settled that a municipal contract which a municipality has the pow-

er to make, may, although unauthorized, be ratified. Bell v. Kirkland, 102 Minn. 213, 113 N. W. 271, 13 L.R.A.(N.S.) 793, 120 Am. St. 621. Naturally it can be ratified only by the body which had the power to originally authorize it, that is, in this case, by the city council.

What constitutes ratification is a matter upon which courts have differed. A contract which the city had no power to make cannot, of course, be ratified at all. Bell v. Kirkland, supra; Newbery v. Fox, 37 Minn. 141, 33 N. W. 333, 5 Am. St. 830; Andrews v. School District No. 4, 37 Minn. 96, 33 N. W. 217. When a contract which a municipality has the power to make has been performed, with the acquiescence of the municipality, and the municipality has received the benefit, it has been held that recovery may be had on quantum valebant. Laird Norton Yards v. City of Rochester, 117 Minn. 114, 134 N. W. 644, 41 L.R.A.(N.S.) 473; First Nat. Bank of Goodhue v. Village of Goodhue, 120 Minn. 362, 139 N. W. 599, 43 L.R.A.(N.S.) 84. This rule does not help us much here. If the statutes require that the contract be in writing, Leland v. School District No. 28, 77 Minn. 469, 80 N. W. 354, or that it be authorized by ordinance, Paul v. Seattle, 40 Wash. 294, 82 Pac. 601, or by resolution, Nash v. City of St. Paul, 23 Minn. 132, 137, or only at a meeting called in a specific manner, Currie v. School District No. 26, 35 Minn. 163, 27 N. W. 922, or that the contract be made in some specific manner, Smith v. City of Newburgh, 77 N. Y. 130; Bloomfield v. Charter Oak Bank, 121 U. S. 121, 7 Sup. Ct. 865, 30 L. ed. 923, such requirements are mandatory and cannot be waived, and ratification cannot be accomplished without compliance with them. So where there is a requirement of some preliminary, as a preliminary estimate, City of Plattsmouth v. Murphy, 74 Neb. 749, 105 N. W. 293, or a preliminary application, Gutta-Percha & R. Mnfg. Co. v. Village of Ogalalla, 40 Neb. 775, 59 N. W. 513, 42 Am. St. 696; City of Kearney v. Downing, 59 Neb. 459, 81 N. W. 509; McDonald v. City of New York, 68 N. Y. 23, 23 Am. Rep. 144, and this has been omitted, there can be no ratification without it.

Aside from cases of character similar to the foregoing, it may be safely said that a city may, directly or indirectly, ratify a contract, which it might have authorized in the first instance. Action by the proper municipal body, such as approving bills arising under the contract, Schmidt v. County of Stearns, 34 Minn. 112, 24 N. W. 358; Po-

terson v. County of Koochiching, 133 Minn. 343, 158 N. W. 605; Cunningham v. Saling, 57 Ore. 517, 112 Pac. 437, 37 L.R.A.(N.S.) 1051; Meehan v. Parsons, 271 Ill. 546, 111 N. E. 529, or other subsequent action recognizing the contract as a valid and subsisting one, State v. District Court of Hennepin County, 33 Minn. 235, 22 N. W. 625; Swenson v. Village of Bird Island, 93 Minn. 336, 101 N. W. 495, is sufficient.

Some decisions hold that mere acquiescence of the proper municipal body after knowledge of the facts is sufficient, as where an attorney conducts litigation for the city with full knowledge and acquiescence of the city council, Town of Bruce v. Dickey, 116 Ill. 527, 6 N. E. 435; or a teacher performs services for a school district under similar circumstances, Athearn v. Independent District of Millersburg, 33 Iowa, 105, or work is done under a building contract under similar circumstances, Bellows v. District Township of West Fork, 70 Iowa, 320, 30 N. W. 582; Ettor v. Tacoma, 77 Wash. 267, 137 Pac. 820; or the contract is reported to the proper body and is acquiesced in, but without vote taken, Norwalk Gaslight Co. v. Borough of Norwalk, 63 Conn. 495, 28 Atl. 32. See also 2 Thompson, Corp. § 2019.

Other courts hold that, where corporate action is required in the first instance, the ratification must be by corporate action of the municipal body acting as such, Texarkana v. Friedell, 82 Ark. 531, and must have all the elements requisite for original authorization, Caxton Co. v. School District, 120 Wis. 374, 98 N. W. 231, 106 Am. St. 931; Chippewa Bridge Co. v. Durand, 122 Wis. 85, 99 N. W. 603, 106 Am. St. 931; Zottman v. San Francisco, 20 Cal. 96, 81 Am. Dec. 96; Taylor v. District Township of Wayne, 25 Iowa, 447; Mulligan v. Lexington, 126 Mo. App. 715, 105 N. W. 1104; Tiedeman, Mun. Corp. § 170; 2 Dillon, Mun. Corp. (5th ed.) § 797, note 1; McQuillin, Mun. Corp. § 1258; 28 Cyc. 676-677; Monett Elec. L. P. & Ice Co. v. City of Monett, 186 Fed. 360, a strong case.

As applied to the facts of this case we think the law is, that the city charter required action of the city council by a four-fifths vote to authorize this contract; that ratification can only be by the city council acting as a body; that such ratification may be effected by any action or conduct of the council as such which gives to the contract its stamp of approval, and that this may be done by acquiescence. Ratification of course presupposes knowledge of the facts, either directly communi-

cated, or at least present in the minds of the members of the council when acting officially.

3. The only evidence of ratification is that the city furnished exhaust steam as the contract provided, and plaintiff paid the price stipulated in the contract for more than one year after the contract was made. It also appears that, on some preliminary negotiation at which all councilmen were present, plaintiff's representatives asked for a renewal of the contract for three years. But it does not appear that the terms of the contract actually made were ever brought to the attention of the two members who were not present when the vote was taken. A majority of the court are of the opinion that the evidence of ratification is insufficient, and particularly that there is no evidence from which we may infer knowledge on the part of the absent members of the terms of the contract and no acquiescense by the council in the contract which was in fact made.

Judgment reversed.