## GEORGE A. REED v. TOWNSHIP OF MONTICELLO.[1]

October 2, 1925.

No. 24,745.

**Ratification of unauthorized act of member of town board will bind the town.**

1. In the absence of a statute authorizing one member of a town board to act for the town, the town can be bound only when the board acts at a meeting of its members. But, if it was within the power of the board to bind the town and a single member assumed authority to do so, his acts may be ratified and the ratification will bind the town to the same extent as if there had been previous authorization by the board.

**Allowance and payment for work done ratification of unauthorized employment.**

2. By auditing, allowing and paying the bill of a workman employed by direction of a member of the board to remove brush growing along the sides of a town road, the board ratified the unauthorized employment, and the Industrial Commission was justified in finding that the relation of employer and employe existed between the town and the workman, who was injured while removing the brush.

**Employment in removal of brush from side of town road not a casual employment.**

3. The workman's employment was not casual but was in the usual course of the performance by the town of its duty to keep its roads in repair.

**Failure to give notice of injury within statutory time not prejudicial to town.'**

4. The evidence justified the commission in finding that the work-

[1]Reported in 205 N. W. 258.

man failed to give notice of the injury within the time prescribed by section 4280, G. S. 1923, because of mistake and ignorance of the law and that the town was not prejudiced by the delay.

1. See Towns, 38 Cyc. pp. 619, 639.
2. See Workmen's Compensation Acts, C. J. p. 49, § 39; Towns, 38 Cyc. p. 639.
3. See Workmen's Compensation Acts, C. J. p. 115, § 114.

2. See note in L. R. A. 1918F, 190; 28 R. C. L. 721 et seq. 4 R. C. L. Supp. 1838.
4. See notes in L. R. A. 1917D, 138; L. R. A. 1918E, 562. 28 R. C. L. 825; 5 R. C. L. Supp. 1579.

Upon the relation of Township of Monticello the supreme court, granted its writ of certiorari directed to the Industrial Commission of Minnesota to review its decision in a proceeding brought under the Workmen's Compensation Act by George A. Reed, employe, against Township of Monticello, employer. Affirmed.

*Whipple & Smith*, for appellant.

*Clifford L. Hilton*, Attorney General, and *Hugo V. Koch*, for respondent.

LEES, C.

While respondent was engaged in cutting brush beside a town road in the town of Monticello, one of his fingers was pierced by a thorn. Infection followed and the finger was amputated. Some months later respondent claimed compensation from the town under the Workmen's Compensation Act. The Industrial Commission allowed the claim, and a writ of certiorari brings the order of the commission before us for review. The principal question presented is whether the relator and the respondent bore to each other the relation of employer and employe, as those terms are defined by G. S. 1923, § 4326.

The evidence would warrant the commission in finding that, pursuant to G. S. 1923, § 2574, the town employed Basil Lambrecht to

drag the road where respondent was injured; that Frank Shiertz, chairman of the town board, requested Lambrecht to cut the brush; that Lambrecht declined to cut it unless he could get help, and that Shiertz authorized him to get help. Shiertz admitted that, without consulting the other members of the town board, he told Lambrecht to cut the brush, but denied that he expressly directed him to get help.

The statute does not make the cutting of brush on the sides of town roads a part of the work of a road dragger. Lambrecht did not enter into a contract to cut it, unless his talk with Shiertz gave rise to contractual relations between him and the town. It is the claim of the relator that it did, and that Lambrecht was an independent contractor and respondent his employe and not an employe of the town. Lambrecht hired respondent to do the work and, after it was done, presented a bill to the town board, which was duly audited, allowed and paid. Payment was made by a town order issued to Lambrecht, who indorsed and delivered it to respondent. The heading of the bill is "Township of Monticello, To Basel Lambrecht, Dr. Bill for road brushing done by G. A. Reed & son Anson." This is followed by an itemized statement of the number of hours Reed and his son had worked and the amount they had earned.

1. If Lambrecht had any authority to employ respondent to work for the town, it was conferred upon him by Shiertz. The town board had not authorized him to employ anyone. In the absence of a statute authorizing one member of the board to act for the town, the town can be bound only by the board when acting at a meeting of its members. This is the rule applicable to corporate directors, Pink v. Metropolitan Milk Co. 129 Minn. 353, 152 N. W. 725; to trustees of school districts, Currie v. School District, 35 Minn. 163, 27 N. W. 922; and to county boards, Schmidt v. County of Stearns, 34 Minn. 112, 24 N. W. 358; and we see no reason why it should not be applicable to town boards.

We are of the opinion that it is within the scope of the authority of a town board to employ men to remove the brush from the sides

of a town road, and that G. S. 1923, § 2609, providing for the removal of trees and hedges within the road limits has no application. It was, therefore, within the power of the board to ratify the unauthorized act of Shiertz. 2 Dillon, Mun. Corp. § 797; 3 McQuillin, Mun. Corp. §§ 1255, 1256; Tracy Cement Tile Co. v. City of Tracy, 143 Minn. 415, 176 N. W. 189.

The general rule is that if, without precedent authority, an agent assumes to bind his principal by contract, and the latter, having full knowledge of the facts, elects to ratify the contract, he becomes bound to the same extent as if the contract had been made pursuant to previous authorization. Hunter v. Cobe, 84 Minn. 187, 87 N. W. 612; Schmidt v. County of Stearns, supra.

2. The approval by the proper municipal body of bills for work done under an unauthorized contract is generally held to constitute a ratification of the hiring of the person by whom the work was done. Schmidt v. County of Stearns, supra; Peterson v. County of Koochiching, 133 Minn. 343, 158 N. W. 605; Tracy Cement Tile Co. v. City of Tracy, supra; Moore v. Hupp, 17 Idaho, 232, 105 Pac. 209; Steiner v. Polk County, 40 Ore. 124, 66 Pac. 707; Vermeule v. City of Corning, 186 App. Div. 206, 174 N. Y. Supp. 220.

If the claim had been presented to the town board by the respondent, we think there could be no doubt that its allowance and payment would amount to a ratification of his employment to perform services for the town.

Much is made of the fact that the claim was presented in Lambrecht's name. It is argued that the town board may have supposed that Lambrecht had hired respondent, paid or agreed to pay him for his services and, in filing the claim, was merely seeking to reimburse himself. But it should be borne in mind that Shiertz knew the facts, and it can hardly be assumed that he did not disclose them to the other members of the board. Moreover, Lambrecht, who was employed merely to drag the road, possessed no authority to hire anyone to cut the brush, was under no duty to perform that service for the town, and the board must have known that some one had assumed authority to employ respondent to do the work and collect pay for it from the town.

Section 4326, G. S. 1923, defines the term "employer" as a person who employes another to perform a service for hire and to whom the employer directly pays wages. The same section provides that every person in the service of a town, under an appointment or contract of hire, expressed or implied, oral or written, shall be deemed an employe. Under the circumstances stated, and in view of the provisions of the statute, we hold that the commission was justified in finding that the relation of employer and employe existed between the town and the respondent when respondent was injured.

3. The point that, under G. S. 1923, § 4268, respondent's employment was casual and not in the usual course of the business of the town, cannot be sustained. It is the duty of a town to keep its roads in repair and, if it is necessary to remove brush growing beside the road, that is just as much a part of the work to be done as grading or maintaining the roadway itself.

4. The last point raised is that the notice required by G. S. 1923, § 4280, was not given. The commission found that on or about February 25, 1924, the town board was informed of plaintiff's injury; that this was within 90 days of the date of the injury; that no actual notice of the injury was ever given to the town because of mistake and ignorance of the law on the part of respondent; and that the town was not actually prejudiced because of failure to receive notice of the injury prior to the date mentioned.

Although the evidence of respondent's ignorance of the law was slight, we think it was sufficient to sustain the finding. The injury was of such a nature that it is difficult to see how the town could be prejudiced by failing to receive an earlier notice. The findings as to notice are not without evidence to support them. The rule by which we are governed in reviewing orders of the commission, attacked for lack of evidence to support the findings, is familiar and need not be restated. See Dun. Dig. 1921 Supp. § 58542.

Order affirmed.