## HATTIE YOURZAK AND OTHERS v. TOWN OF PLATTE.[1]

July 16, 1926.

No. 25,363.

**Authority of town road overseer to employ aid in his work.**
1. Under the last paragraph of § 2575, G. S. 1923, a town road overseer has authority to employ aid in removing an obstruction or an unsafe condition in a public highway within the town where the same may be done speedily and with but small expense.

**Finding sustained by evidence.**
2. There is evidence supporting the finding of the Industrial Commission that the deceased was an employe of the town, hired by the overseer, in virtue of the statute mentioned, under conditions existing which gave him authority to act for the town.

Highways, 29 C. J. p. 575 n. 66 New.
Workmen's Compensation Acts, C. J. p. 115 n. 37.

Certiorari to review the order of the Industrial Commission awarding compensation under the Workmen's Compensation Act. Affirmed.

*D. M. Cameron*, for relator.
*Frederick J. Miller*, for respondent.

[1] Reported in 209 N. W. 910.

HOLT, J.

Certiorari to review a decision of the Industrial Commission awarding compensation to the widow and children of Joseph Yourzak for his death, caused by an accidental injury received in the course of his employment in the service of defendant.

Yourzak complained to the road overseer of defendant that at a certain point a public highway was impassable. The overseer investigated and reported to the chairman of the town board, from whom he got a culvert to place at the point complained of. The overseer employed one other man and Yourzak with his team to assist him in installing the culvert. In doing that work Yourzak accidentally injured his leg. Blood poisoning set in which caused his death.

The right to compensation turns upon the authority of the overseer to employ help on this occasion. The town board had not directed him to do so. The act of the chairman in furnishing the culvert cannot be held legally sufficient to bind the town. There was no ratification by the board as in Reed v. Township of Monticello, 164 Minn. 358, 205 N. W. 258. The decision of the Industrial Commission cannot stand unless the authority to employ Yourzak for the town is given its road overseer by the last paragraph of § 2575, G. S. 1923, reading: "Whenever any public road in a town becomes obstructed or unsafe from any cause, the overseer shall immediately repair such road and render his account therefor to the town board, in case of a town or county road, and to the county board in case of a state aid road."

It is common experience that irrespective of time or season obstructions or unsafe conditions arise unexpectedly upon highways which may be removed speedily with but small expense, yet while they exist prevent all travel. Culverts may be carried out by a freshet. Large trees may fall across so as to leave no room for passage. To remove the obstruction or repair the damage with reasonable speed may require the united efforts of several men and teams for a few hours. We think the provision quoted was intended in emergencies of that sort to authorize the road overseer to employ

for the town the help reasonably needed, without action of the town board first had. It is said that, if authority is thus granted the overseer, he may gravel or otherwise improve every highway which especially in the spring of the year is sorely in need thereof for safe travel. Such interpretation is neither permissible nor called for. Only emergencies give the overseer authority to employ help. And to a certain extent he is the one to determine whether one has arisen. In this case he deemed it such, the chairman of the town board, though he claims that Yourzak was to aid without pay, thought speedy repairs necessary, for he furnished the culvert which the board allowed him to furnish for road purposes, the town board paid the overseer for his work in installing the culvert, and the Industrial Commission, in order to grant compensation, must have found that there was an obstruction or unsafe condition in the highway which required the overseer to act for the town under the provision mentioned and that it was such repair that he could not well do it alone. Within the above interpretation of the quoted provision of the statute, there is evidence supporting the decision of the Industrial Commission, and it must be affirmed, with attorneys' fees of $75 to the respondents.

Affirmed.