ABBOT *vs.* The inhabitants of the third school district in, HERMON.

Where a town officer is sworn into office by the moderator of the meeting at the time of his election, the proper evidence of the fact is the certificate of the moderator, filed in the office of the town clerk, and proved by an attested copy.

A promise may be implied on the part of a corporation from the acts of its agent, whose powers are of a general character.

Therefore where one built a school house under a contract with persons assuming to act as a district committee, but who had no authority ; yet a district school was afterwards kept in it by direction of the school agent; this was held to be an acceptance of the house on the part of the district, binding the inhabitants to pay the reasonable value of the building.

If one accepts, or knowingly avails himself of the benefit of services done for him without his authority or request, he shall be held to pay a reasonable compensation for them.

THIS was *assumpsit* for the labor and materials expended in building a school house for the defendants.

At the trial before *Parris J.* the plaintiff offered copies of the warrant for calling a district meeting, *September* 8, 1821, and of the record of its transactions relative to the building of a school house. The warrant was directed to *William Holt, Junior*, but the return was made by *William Holt*. The record stated that *William Holt* was chosen moderator. And to prove that the clerk was duly sworn, the plaintiff offered a certificate signed by *William Holt, Junior*, stating that at the meeting of the district *Sept.* 8, 1821, at which he was chosen moderator, he administered the oath of office in open meeting, to *Jonathan Hutchins*, the person chosen clerk.

This evidence the Judge rejected, as insufficient to prove any corporate acts of the district.

The plaintiff then proved that in the autumn of 1821, under the direction of *Thompson*, *Holt*, and *Kacey*, three inhabitants of the district who assumed to act in the capacity of district committee for that purpose, he proceeded to finish a school house, the frame of which had been previously erected; that a school was kept in it for the children of the inhabitants during the three following winters; the last of which was under the direction of a person who testified that he was school-agent, and who claimed to act as such.    During this last winter the house was consumed by fire.

It also appeared that in the winter of 1822, the house being unfinished, the plaintiff told the inhabitants of the district that if they would turn in materials to help finish the house, they might keep a school in it; which they did; that some of them labored on the house to pay their district taxes; and that at a voluntary meeting of some of the inhabitants, in the winter of 1824, it was agreed that if the plaintiff would expend a small sum more, being about five dollars, in finishing the house, by a certain day then named, they would accept it; but before that day the house was destroyed.

The plaintiff also moved for leave to amend, by inserting a count on an order drawn *Dec.* 27, 1824, by two of the above named committee, on the town treasurer, directing him to pay the plaintiff eighty nine dollars " for work in building the school house."    But this motion was denied.    And the case was referred to the court to decide, upon such of the foregoing evidence as was legally admissible, whether the action was maintainable; and whether the amendment ought to have been admitted; it being agreed that in that case the action should stand for trial.

*J. McGaw*, for the defendants, took several objections to the legality of the district proceedings, and of the papers offered in evidence.    And he strongly urged that no implied *assumpsit* could be raised against a corporation.    It acts only in legal meeting, and by agents duly and legally chosen.    If all the individuals should, in any other manner, agree to erect a school house, the corporation, as such,

would not be bound.   *Moor v. Newfield*, 4 *Greenl.* 44 ; *Frothing-ham v. Haley*, 3 *Mass.* 68.

*Allen*, for the plaintiff, cited *Damon v. Granby*, 2 *Pick.* 345 ; *Bassett v. Marshall*, 9 *Mass.* 312 ; *Taft v. Montague*, 14 *Mass.* 282 ; *Colman v. Anderson*, 10 *Mass.* 105 ; *Union Bank of Maryland v. Ridgley*, 1 *Har. & Gill.* 324 ; *Foster v. Essex Bank*, 17 *Mass.* 503 ; *Prop'rs. of Canal bridge v. Gordon*, 1 *Pick.* 297.

MELLEN C. J. delivered the opinion of the Court at the ensuing *July* term in *Waldo.*

The services of the plaintiff were performed under the supposed authority of *Thompson, Holt* and *Kacey.*   On inspecting the papers introduced as evidence to prove their authority, we are all satisfied that the presiding judge very properly decided that they were insufficient to shew such authority.   Whether the school district meeting on the 8th of *September*, 1821, was regularly called and notified or not, the certificate of the proceedings of the meeting import any thing but certainty and consistency.   It is stated that *Jonathan Hutchins* was chosen clerk, and *William Holt* moderator.   The only proof that the clerk was sworn, is a certificate signed by *William Holt, Jr.* that *Jonathan Hutchins* was duly sworn by him, as moderator of said meeting, into the office of district clerk. ·  Besides, a moderator of a town meeting is not an ordinary certifying officer. When he administers the oath of office to a town officer, he should make out a certificate of the oath, and the same should be filed among the papers of the town, as furnishing the regular evidence that the oath had been administered.   The certificate in the present case does not appear to have been so filed.   *Welles & al. v. Battells & al.* 11 *Mass.* 477.   Had it been filed as before mentioned, a copy of it, attested by the clerk, would have been proper evidence ; but in the absence of such attested copy we have no evidence of the proceedings of the said meeting, of course none of the legal existence of the three persons before named as a committee.   On this ground the proposed amendment of the declaration by adding a count on the order drawn by *Holt* and *Thompson* on the 27th of

*December* 1824, if granted, would not avail the plaintiff; because they had no legal authority to draw it so as to bind the school district; it therefore is not allowed. The case furnishes us with no facts that show any express promise on the part of the district to pay for the plaintiff's labor and expense in finishing the school house. Are there any from which the law will imply a promise? This case bears a strong resemblance, in this respect, to that of *Hayden v. Madison, ante p.* 76. It is a sound principle of law, that a promise may be implied, on the part of a corporation, from the acts of its accredited agent, whose powers are of a general character; as in the case of directors of a bank, selectmen, overseers of the poor, &c.

As we decided in the abovementioned case of *Hayden v. Madison,* if one man accepts, or knowingly avails himself of the benefit of services done for him, without his authority or request, he shall be held to pay a reasonable compensation for them, so in the present case the same principle may be applied. The work on the school house frame, which had been erected by the district previously, was commenced in 1821; and it was nearly completed in the winter of 1824, when it was consumed by fire. A school was kept in it in the winter of 1823, and such was the state of it, that for two months, in the winter of 1824, the school was kept there under the direction of a school agent, whose authority was proved and not questioned. In the discharge of the various duties of his office, a school agent is exercising the powers of the district, and binds them by those contracts and arrangements which he, in his judgment, deems proper and for the interest of those whom he officially represents. His acts, therefore, in appropriating the school house to its intended uses, and for the benefit of the district, we must consider as an acceptance of the house and a sanction of those acts which the plaintiff had done towards completing it, equivalent, in its legal effect, to a previous request on the part of the school district. The action, according to the agreement of the parties, is to stand for trial, subject to the principles herein before stated.