AMERICAN SURETY COMPANY OF NEW YORK v. BOARD OF COUNTY COMMISSIONERS OF WASECA COUNTY and Others.

June 21, 1899.

Nos. 11,696—(171).

Municipal Corporation—Contractor's Bond—Withholding Payments from Contractor.

> A municipality which has entered into a contract for the performance of public work, and has required of the contractor the execution and delivery of a bond in accordance with the provisions of Laws 1895, c. 354, § 1, in which bond is a condition that the contractor will pay all just claims for work and labor performed and for materials furnished as they become due, has no right to withhold payments to the contractor, as such payments have been stipulated for and agreed upon in the contract, upon the ground that he is in default with his laborers and materialmen.

Same—Notice from Contractor's Surety.

> Having no such right, the municipality is not disregarding its duty to a surety upon the bond when making payment in accordance with the terms of its contract, although previously notified of the default by such surety.

Action in the district court for Waseca county against defendant board, John D. Carroll, and all persons claiming under a bond executed by defendant Carroll, as principal, and by plaintiff, as surety, to secure performance by Carroll of a contract. The complaint asked to have plaintiff's liability ascertained, so that it could pay the same, and sought among other things to recover from defendant board the amount which plaintiff had been damaged by its failure to hold for plaintiff's protection certain estimates payable under the contract. The case was tried before Buckham, J., who at the close of plaintiff's case granted the motion of defendant board to dismiss the action. From an order denying a motion for a new trial, plaintiff appealed. Affirmed.

*Childs, Edgerton & Wickwire,* for appellant.

It was the duty of the contractor to pay as they became due all claims for labor and materials furnished under the contract. Laws 1895, c. 354, §§ 1, 4. The contract is to be construed in connection

with the statute and the bond.   O'Neil v. St. Olaf's School, 26
Minn. 329; Sepp v. McCann, 47 Minn. 364; Combs v. Jackson, 69
Minn. 336.   Such payment was a condition precedent to the con-
tractor's right to demand payment of the estimates; at least when
he was confessedly in default, and interested parties insisted that
he be compelled to carry out his obligations.   Langdell, Sum. Contr.
§ 122; Grant v. Johnson, 5 N. Y. 247, 249; Bean v. Atwater, 4 Conn.
3; Erickson v. Brandt, 53 Minn. 10; Holmes v. Richet, 56 Cal. 307;
Fogg v. Suburban, 90 Hun, 274; Houston v. Nord, 39 Minn. 490.

The board, having made the contract with Carroll, and being the
only obligee specifically named in the bond, had the right, when
notice of his dereliction had been brought home to it, and the
laborers and materialmen and the surety were demanding protec-
tion, to insist on performance by Carroll of his agreement to pay the
claims as they became due; and hence it was its duty to withhold
payment of the estimates, or to see that they were applied to pay
such claims.   The relation of the county to the laborers and ma-
terialmen was that of quasi trustee.   Stephenson v. Monmouth
Min. & Mfg. Co., 84 Fed. 114; Board v. Woods, 77 Mo. 197; Laws
1895, c. 354.   The statute must receive a reasonable construction
so as if possible to effect the purposes for which it was enacted.
Combs v. Jackson, supra.   Prior to the act laborers and material-
men had no protection.   No lien could attach to public property.
Jordan v. Board of Education of Taylor's Falls, 39 Minn. 298; Bur-
lington Mfg. Co. v. Board of Courthouse & C. H. Commrs., 67 Minn.
327.   See Village of West Duluth v. Norton, 57 Minn. 72.   It was
not only the right, but the duty, of the county to withhold the esti-
mates.   Ihk v. Duluth City, 58 Minn. 182.   A municipal corpora-
tion, or quasi municipal corporation, must perform its contractual
obligations.   1 Dillon, Mun. Corp. §§ 69, 70; State v. McCardy, 62
Minn. 509.   A bond taken by a public corporation, in the absence of
express statutory authority, for protection of laborers and ma-
terialmen who contribute to a public contract is valid, on the ground
that public corporations are under a moral duty to protect laborers
and materialmen.   Breen v. Kelly, 45 Minn. 352; Park Bros. & Co.
v. Sykes, 67 Minn. 153; Knapp v. Swaney, 56 Mich. 345; Baker v.
Bryan, 64 Iowa, 561; Sample v. Hale, 34 Neb. 220; Fitzgerald v.

McClay, 47 Neb. 816; Marsh v. Fulton County, 10 Wall. 676; Board v. Woods, supra; Hamilton v. Gambell, 31 Or. 328; Perkins v. Butler, 44 Neb. 110. The surety was entitled to all the rights, remedies and securities of the obligees in the bond (the laborers, and materialmen and the county), and had a right to insist that all lawful means possessed by them of securing performance of the contract should be exercised to protect it from loss. Taylor v. Jeter, 23 Mo. 244; Warre v. Calvert, 7 Ad. & E. 143; Ryan v. Morton, 65 Tex. 258; Leavel v. Porter, 52 Mo. App. 632; Backus v. Archer, 109 Mich. 666; 2 Brandt, Sur. § 307; United States v. Hitchcock, 164 U. S. 227. On paying the labor and material claims, the surety was entitled to be subrogated to all the funds which should have been in the county's hands. Hodgson v. Shaw, 3 M. & K. 183; Cottrell's Appeal, 23 Pa. St. 294; McCormick v. Irwin, 35 Pa. St. 111, 117; Phares v. Barbour, 49 Ill. 370; Sheldon, Subrog. § 120; United States v. Hitchcock, supra; McArthur v. Martin, 23 Minn. 74; Nelson v. Munch, 28 Minn. 314. The equity of the surety to be subrogated is inchoate from the execution of the bond, and becomes complete on payment of the debt. Sheldon, Subrog. § 102; Loughridge v. Bowland, 52 Miss. 546; McArthur v. Martin, supra. Having released what it should have held till Carroll had performed, the county is liable to plaintiff in that sum.

*P. McGovern* and *John Moonan*, for respondents.

The object of the act is twofold, to protect the municipality, and to secure persons who furnish labor and material in performance of the contract. Doll v. Crume, 41 Neb. 655; Ihk v. Duluth City, 58 Minn. 182; Kaufmann v. Cooper, 46 Neb. 644; Steffes v. Lemke, 40 Minn. 27. Defendant was not trustee for laborers and materialmen. The county had no right to withhold payment of estimates and to see that they were applied on claims for labor and material. There is nothing in the contract, the bond or the law to warrant such action. City of Duluth v. Haney, 43 Minn. 155; Reed v. McGregor, 62 Minn. 94; Hayden v. Cook, 34 Neb. 670; Mayor v. Brady, 151 N. Y. 611; Village of West Duluth v. Norton, 57 Minn. 72.

COLLINS, J.

Defendant Carroll entered into a contract with defendant board

in 1896 wherein he agreed to build a court house for the sum of $34,765.96. He was to be paid in instalments, on monthly estimates, 85 per cent. of the cost of labor performed and material furnished. The balance (15 per cent. of the contract price) was to be retained until the building was completed. Carroll, as principal, and this plaintiff, as surety, then executed and delivered to the board a bond in accordance with the provisions of Laws 1895, c. 354, § 1, and conditioned as therein prescribed. It appears that Carroll failed to pay claims for work and labor performed and materials furnished as the claims matured, and in December, 1896, the board was notified of this failure by plaintiff surety. At a meeting of defendant board held in January, 1897, interested parties appeared before the members, stated the facts, and protested against the payment to Carroll of the amount due on an estimate theretofore made. The plaintiff surety, by its agent, took part in these proceedings, and, after showing that Carroll was in default in his payments for labor and material, objected to the payment of the amount due, unless it should be paid to laborers or materialmen. The board disregarded the objections, and thereafter paid an order upon the county given by Carroll to one of his general creditors for the sum of $1,500. It paid no part of the 15 per cent. which was to be withheld. Carroll abandoned his contract, and the building was completed by another party.

The plaintiff paid and satisfied all legal claims for which it was bound on its bond, and then brought this action to recover the amount paid out by defendant board after notice of Carroll's default, and also to have ascertained the balance due the latter on his contract, and to recover that sum, also, of the board. When plaintiff rested, the trial court dismissed the action in so far as it was brought to recover the amount paid out on Carroll's order. It then proceeded to ascertain the sum due to the latter, but these matters subsequent to the dismissal are of no importance here. The appeal is from an order denying plaintiff's motion for a new trial of all the issues, except as to those matters last mentioned, which concerned an ascertainment of the sum due Carroll.

It is admitted that under the terms of the bond it was the duty of Carroll to pay all just claims for work and labor performed and

material furnished in and about the performance of his contract as they became due; and the question for determination is whether the defendant board possessed the right, or owed the duty, after notice of Carroll's default, to withhold payment of the sum due on the estimate, and to see that the money was applied in payment of the claims, thus protecting the surety from the loss which occurred by reason of the refusal on the part of the board either to withhold the money due on this estimate, or to pay it out on account of labor and material. Prior to the enactment of Laws 1895, c. 354, we had occasion to consider questions growing out of a charter provision which empowered a municipality to require a bond from a contractor of the same general import of the one now before us, and containing, as required by the charter and by the present statute, a condition that the contractor should pay for all labor done and material furnished as the claims became due, and it was there said that the bond possessed a double character: First, it secured to the municipality the completion of the work; and, second, it secured and protected all laborers and materialmen. Under that charter provision an action to enforce the rights of these men had to be brought in the name of the city, and to that extent and for that purpose it occupied the position of a trustee.

In respect to the party in whose name an action is to be commenced, chapter 354 differs from the charter provision, for in section 4 it is expressly provided that every interested party is to institute the action in his own name. The municipality is not a trustee for the purpose of enforcing a liability accruing to other parties through the delinquency of the contractor, for by express provision this right rests with the injured party. Nor is there any provision in chapter 354 which authorizes the municipality to interfere as between the latter and the contractor. The parties for whose benefit and protection the obligation is entered into are as independent of each other, under this law, as if separate bonds had been required and had been given. The board had agreed with the contractor, and it was its duty, to pay 85 per cent. of the estimates each month; and this agreement the contractor could enforce. In complying with the terms of the written contract, the county was fully protected by the bond, for the laborers and materialmen could obtain

no lien rights as against it. If liens could have been obtained against this public property, it is quite clear, notwithstanding the bond, that the board would have had the right to protect the premises by refusing to pay upon the estimates unless the laborers and materialmen were paid, and, having this right, it would seem to follow that a duty would arise towards this plaintiff as surety upon the bond. But such is not the case now under consideration, and, while it is the law that a creditor or an obligee upon a bond must deal fairly with a surety, he cannot be held to have dealt unfairly if he has simply complied with the terms of his contract, and has been powerless to do otherwise. The defendant board had no authority under the statute to enforce the contractor's duty towards the laborers and materialmen by withholding payment on the estimates, and consequently it neglected no duty it owed to plaintiff surety. The practical operation of a decision in accordance with plaintiff's contention would be to cast the burden upon the obligees in the bond, instead of upon the obligors.

Order affirmed.