SWANTY SWENSON v. VILLAGE OF BIRD ISLAND and Another.[1]

November 25, 1904.

Nos. 14,036—(79).

**Village—Contract.**

A contract, otherwise valid, entered into in good faith by a village at a time when it was not legally authorized to do so because of an error in posting notices of an election called and held for the purpose of conferring such power (G. S. 1894, § 1225), becomes renewed and vitalized by the acceptance of the work done pursuant thereto at a date subsequent to another election at which such authority was conferred.

**Injunction as Defense.**

The fact that the village was restrained from complying with the terms of said contract in an action brought by a resident taxpayer in which plaintiff was made a party defendant, is not a defense to an action to recover thereon after its renewal. This action is grounded upon a new and distinct obligation.

**Failure to Approve Contractor's Bond.**

Failure of the village treasurer to approve a bond required by chapter 354, p. 757, Laws 1895, cannot, under existing conditions, affect a partially executed contract which became valid only by virtue of a subsequent adoption or renewal.

Action in the district court for Renville county to recover $1,321.50 alleged to be due for construction of a well pursuant to a contract with defendant village, and to vacate an injunction previously issued in proceedings instituted by defendant Simon Richter to restrain the payment of any moneys under said contract. The case was tried before Powers, J., who found in favor of defendants and directed that the action be dismissed. From a judgment entered pursuant to the findings, plaintiff appealed. Reversed and new trial granted.

*Willoughby M. Babcock,* for appellant.

*B. H. Bowler,* for respondents.

DOUGLAS, J.

Appeal by plaintiff from judgment of the district court of Renville county.

[1] Reported in 101 N. W. 495.

It appears from the complaint and the admissions in the answer herein that: In September, 1902, the defendant, a village organized under chapter 145, p. 148, Laws 1885, entered into a contract with plaintiff for the construction of a large well for the use of the public. Plaintiff was the lowest bidder, and all prerequisites for the making of a valid contract between defendant and plaintiff were complied with (G. S. 1894, § 1269), except that an insufficient notice was given of an election held in said village for the purpose of authorizing the establishment of a waterworks system, of which said well was designed to be a part. After the completion of the well a resident taxpayer of said village brought an action against the village in the district court of said county. Plaintiff herein was made a party defendant. The trial thereof resulted in a final judgment restraining defendant from further contracting with any person for the construction of a system of waterworks and from paying plaintiff out of the funds of said village for digging said well.

In January, 1903, another election was duly called and held in said village to confer power upon the village council to establish a system of waterworks. G. S. 1894, § 1225. By an almost unanimous vote this authority was conferred by the electors and a system of waterworks thereafter established by said council. Bids for the erection of the same were invited and accepted on the basis that a well furnished by said village should be used in connection therewith, and it appears that the well so dug by plaintiff has been connected with said system, and water therefrom is about to be used.

In the original contract defendant agreed to pay the plaintiff $3.35 per foot for digging said well to an uncertain point where a suitable supply of water might be reached. Plaintiff furnished a bond in the form prescribed by chapter 354, p. 757, Laws 1895, guarantying the faithful performance of his contract, in the sum of $1,000, and filed the same with the village recorder. It was approved by the village council, but not by the treasurer, as required by said act. Plaintiff here seeks to recover upon said contract. Judgment was entered in favor of defendant upon its motion, which was based upon the complaint and admissions contained in defendant's answer and the findings of the court upon one of the issues tendered.

The question resolves itself into this: After its invalidity has been adjudged by a court having jurisdiction in an action brought by a taxpayer of the village to restrain such village from paying the amount agreed upon, has the defendant, by ratification or renewal, so far vitalized a voidable contract that a recovery may now be had thereon? The question must be answered in the affirmative. We are of the opinion the contract should be treated as a new one, and that defendant upon the facts alleged and the findings of the court, is liable to plaintiff for the amount prayed for. The contract was originally let to the lowest bidder at a time when the defendant was not authorized to execute it. After authority was conferred by the electors of the village at a regular election called for that purpose, the contract which had been fulfilled by the plaintiff was, in substance, renewed by the village by its accepting and using the fruits of his labor. The defense is purely technical, and based upon a mistake of a village officer in failing to post notices of the first election in time. It seems the recorder posted them nine days, instead of ten, before the election. Both elections resulted in a practically unanimous vote in favor of the improvements. The fact that defendant did not go through the form of readvertising and again calling for bids, in our opinion is immaterial. The contract theretofore entered into was in fact let to the lowest bidder. This fully complied with the terms of the statute, and presumably was as advantageous to defendant as would result upon readvertisement. Under the peculiar circumstances of this case, in the absence of fraud or other informality, it was sufficient, and may be deemed a substantial compliance with the terms of the statute.

Had the contract not been let to the lowest bidder after due notice, it clearly would have been void (Nash v. City of St. Paul, 8 Minn. 143 [172]), and probably incapable of ratification, but an unauthorized contract made on behalf of a municipality may be ratified. This was adjudged in Schmidt v. County of Stearns, 34 Minn. 112, 24 N. W. 358. See also Abbot v. Inhabitants, 7 Me. 118, where it was held that when one avails himself of the services done for him without his authority or request he is liable for the reasonable value thereof.

It is urged that said contract is void for the reason that plaintiff failed to comply with the terms of chapter 354, p. 757, Laws 1895. He filed a bond with the village recorder in the penal sum of $1,000, but

it was never delivered to the treasurer for approval, as required by the act. So far as the village is concerned, such bond was required as a guaranty that plaintiff would comply with its terms, and save the village harmless from any charge or expense that might occur on account of the doing of such work. At the time the contract was renewed or became vitalized, the work was fully completed by plaintiff, and the time for enforcement of liens for labor performed in the construction of such well had passed. Independent of the question whether plaintiff had complied with the terms of the statute in furnishing the bond, we are of the opinion its execution by plaintiff and approval by the designated officer was at that time useless, and a failure to furnish it did not affect the contract.

We are of the opinion, expressed by the trial court, that none of the issues determined by the judgment in the former action may be reviewed here. But the court erred in holding that the subsequent acts of defendant in accepting the benefits thereof did not operate to renew and vitalize the contract.

Judgment reversed, and new trial ordered.