WILCOX LUMBER COMPANY v. SCHOOL DISTRICT NO. 268 OF OT-
TER TAIL COUNTY.[1]

December 27, 1907.

Nos. 15,353—(139).

**Municipal Corporation—Contractor's Bond.**
    The liability of a public corporation, under R. L. 1905, §§ 4535, 4536,
for the failure of its officers to require the contractor engaged in a pub-
lic improvement to execute and file a bond to the corporation conditioned
to pay all obligations incurred in the prosecution of the work, extends
to such losses as are suffered by those dealing with the contractor by
reason of his insolvency or inability to pay the debts incurred by him.

**Solvency of Contractor.**
    No liability attaches to the corporation where the contractor is solvent
and able to discharge all obligations to laborers and materialmen.

**Insolvency of Contractor.**
    Evidence considered, and *held* insufficient to establish the fact, as a
matter of law, that the contractor was insolvent and unable to discharge
the obligations incurred by him under the contract involved in the case.

Action in the district court for Becker county to recover $312.19,
a balance due for material furnished to the contractor of defendant's
school building. The case was tried before Baxter, J., who directed
the jury to return a verdict in favor of the plaintiff. From the judg-
ment entered thereon, defendant appealed. Reversed and new trial
granted.

*C. M. Johnston* and *M. J. Daly,* for appellant.

*J. H. Baldwin,* for respondent.

BROWN, J.

In September, 1905, the board of education of school district No.
268 of Otter Tail county entered into a contract with one Phelps for
the erection and construction of a schoolhouse for the district. The
contractor executed and filed with the board a bond, as required by
the provisions of chapter 321, p. 535, Laws 1901 (sections 4535, 4536,

[1] Reported in 114 N. W. 262.

R. L. 1905), but it was not in conformity with the terms of the statute, in that it contained no provisions obligating the contractor to pay for work, labor, or material employed and used in the performance of the contract. The contractor completed the building in the erection of which he used material purchased of plaintiff to the value of $1,204.48, no part of which has ever been paid, except the sum of $892.29, leaving a balance unpaid of $312.19. Plaintiff brought this action against the school district to recover this balance, alleging in the complaint, as the basis of the action, the facts just mentioned, and, further, that the board of education failed to require a bond of the contractor conditioned as required by statute; that the contractor was insolvent and unable to pay, by reason of which plaintiff had been damaged to the extent of the balance so unpaid. Defendant answered, putting in issue the principal allegations of the complaint, and setting out some matters in avoidance not material to be stated at length. On trial in the court below a verdict was directed for plaintiff, upon which judgment was entered, and defendant appealed.

The only question necessary to cover by the opinion is whether the court erred in taking the question of the contractor's insolvency from the jury and directing a verdict for the plaintiff. The point made by defendant relative to the validity of the contract under which the schoolhouse was constructed is not well taken. There may have been some irregularities on the part of the board in its proceedings leading up to the contract; but they are not fatal. The fact remains that a contract was entered into, acted upon by both parties, and the building erected in accordance with its provisions. Defendant is therefore in no position to urge irregularities in the formation of the contract to defeat recovery for the failure of its officers to require the statutory bond of the contractor. Swenson v. Village of Bird Island, 93 Minn. 336, 101 N. W. 495. Nor is there any merit in the other contention, that plaintiff is estopped from asserting its claim against the district by reason of the conduct of a banker to whom it had sent the claim for collection in paying over money, received from the district, to the contractor. American Surety Co. v. Board of Commrs. of Waseca County, 77 Minn. 92, 79 N. W. 649. The trial court ruled correctly upon both these questions. We come, therefore, directly to the principal question in the case.

The statute under consideration provides that, upon entering into a contract for a public improvement, the officers of any county, town, village, school district, or city, or other public corporation of the state shall require of the contractor a bond with sureties conditioned for the faithful performance of the contract and the prompt payment for all labor, skill, and material used and employed in the work; and, further, that "any of said corporations which neglect to require a bond as herein provided, shall be liable to any person doing any work or labor or furnishing any skill or material under said contracts to the extent of any loss they may incur by reason of said neglect." The purpose of this statute was the protection of laborers and materialmen performing labor or furnishing material for the execution of a public work to which the mechanic's lien statute does not apply. The bond, when properly executed and filed, stands as security for the payment of all obligations incurred by the contractor in the prosecution of the work, and the general rules and principles of the law of suretyship apply to and govern the rights of the parties. Michaels v. McRoy, 148 Mich. 577, 112 N. W. 129. If the contractor fails and neglects to pay and discharge all such obligations, the liability of the bond becomes absolute, whether the contractor be solvent or insolvent, and an action may be maintained against the sureties without first resorting to legal means to compel the contractor to pay. But is such the liability of a corporation in cases where its officers fail to require the necessary bond?

In the case at bar, a bond was, in fact, given by the contractor, but it was not conditioned as required by statute, and furnished no protection to materialmen or laborers, and the case is precisely as though no bond had been given at all. And the question presented involves the character and extent of the liability of the corporation in such a case. The statute provides that, in case a bond is not required by the officers, the corporation shall be liable for any loss sustained by any person furnishing labor or material under the contract. This language is significant, and it seems clear that the legislature did not intend to create an absolute liability on the part of the corporation, where the bond was not given, to the full extent of the obligations incurred by the contractor, but only to the extent of

the contractor's failure and inability to pay the debts incurred by him. The liability thus created is analogous to that of indemnity contracts against loss or damage or a guaranty of collection of commercial paper, and extends only to losses actually suffered by those dealing with the contractor. Campbell v. Rotering, 42 Minn. 115, 43 N. W. 795, 6 L. R. A. 278; Weller v. Eames, 15 Minn. 376 (461), 2 Am. 150. If the contractor in any such case be able to pay all debts incurred by him in the work, no loss occurs to those trusting him and no liability attaches to the corporation. If, on the other hand, he is unable to pay and cannot be compelled to pay by resort to legal proceedings, a loss does occur, within the meaning of the law, and the corporation becomes liable therefor.

The learned trial court seems to have been of the opinion that the liability of the corporation was absolute, and that the question of the contractor's ability to pay therefore was immaterial. In this the court would have been entirely right had the statute declared a liability on the part of the corporation where the bond was not given to the same extent as that assumed by the sureties on a properly executed bond. But the statute does not so read, and its specific language will not sustain that view. It follows that, if the contractor in the case at bar is solvent and able to pay plaintiff's claim, no liability exists on the part of the school district.

It is urged upon this branch of the case that the insolvency of the contractor was conclusively shown by the evidence, and that the court was right in directing the jury to return a verdict for plaintiff. In this we are unable to concur.

The evidence, from our view point, leaves this question in doubt, and it should have been submitted to the jury. The fact that plaintiff presented its bill to the contractor for payment and that he did not pay it is far from conclusive that he could not pay it, or could not have been compelled to do so by appropriate legal proceedings. In actions involving the principle upon which plaintiff's action is founded where insolvency is necessary to be shown, the best evidence thereof is a judgment against the principal debtor and an execution returned unsatisfied. 20 Cyc. 1453. But that, of course, is not the only evidence competent to establish the fact. In the absence of the

return of an unsatisfied execution, the evidence to show insolvency, and a consequent loss, must establish the fact that the debtor has no property not exempt from execution out of which collection could be made. Or, as otherwise expressed, the principal debtor must be so "utterly insolvent that an action against him would be fruitless." Brackett v. Rich, 23 Minn. 485, 23 Am. 703. Insolvency for the purpose of insolvency or bankruptcy proceedings is not the test. Insolvency, in fact, must be shown. The evidence before us is insufficient to warrant the conclusion as a matter of law that the contractor in this case was insolvent within the rule applicable to such cases. The question should have been submitted to the jury.

Order reversed, and new trial granted.