STATE ex rel. WILLIAM MORRIS v. BERT CLARK.[1]

January 19, 1912.

Nos. 17,384—(7).

**Mandamus — payment of town orders.**

Mandamus is a proper remedy to compel the treasurer of a town to pay valid orders issued by the board of supervisors, and the validity of such orders may be determined in such proceeding.

**Contract for public work — claim for value of work when contract is invalid.**

Conceding that a contract made with a town is invalid for the failure to give the bond provided by R. L. 1905, § 4535, after the contract has been fully performed, and the work has been approved and accepted by the town board, the contractor has a valid claim against the town for the reasonable value of the services rendered, and the board may audit and allow such claim, and draw orders in payment thereof. Such orders are valid, and the treasurer is not justified in refusing to pay the same on the ground that no bond was given.

On petition of William Morris, an alternative writ of mandamus was .issued by the district court for Beltrami county, directing respondent, as treasurer of the town of Rockwood, in Hubbard county, to pay to relator two several warrants or orders, aggregating $200, out of the road and bridge fund available for the purpose. The substance of the answer is found in the first paragraph of the opinion. The matter was transferred to Hubbard county, and was heard by Wright, J. He made findings of fact, in which he adopted the verdict of a jury which passed on the issues of fact in favor of plaintiff, except that they found no bond was given, and ordered judgment discharging the alternative writ. From a judgment entered pursuant to the order, relator appealed. Reversed, with directions to the trial

[1] Reported in 134 N. W. 130.

[Note]   Mandamus to compel payment of municipal debt by custodian of funds, see note in 14 L.R.A. 775.

court to amend its conclusions of law in accordance with the opinion and to grant the writ as prayed for in the petition.

*Spooner, Laybourn & Lucas,* for appellant.

*G. W. Campbell,* for respondent.

BUNN, J.

This is a mandamus proceeding, brought to compel the respondent, as treasurer of the town of Rockwood, in Hubbard county, to pay to the relator two several orders or warrants issued to him by the board of supervisors of the town, in part payment for work done under a contract made by relator with the board for grubbing, clearing, and preparing for grading certain public roads in the town. Respondent answered, setting up a large number of defenses, including fraud and failure to complete the work, and, further, that the relator failed to give the bond required by section 4535, R. L. 1905.

The trial court found in substance that the warrants were presented to respondent as treasurer of the town, and payment thereof refused; that relator, at the time the warrants were issued, had fully performed his contract, and that the supervisors of the town had duly approved and accepted the services; that at the time the orders were presented there was sufficient money in the hands of respondent belonging to the road and bridge fund to pay the same; that none of the defenses set up in the answer were proven, except that no bond was ever given by relator, or filed with or approved by the treasurer of the town, as required by the provisions of sections 4535 and 4536, R. L. 1905. The court held that the failure to give this bond rendered the contract void, and that the treasurer, therefore, legally refused payment of the orders. Judgment in favor of respondent was entered, and relator appealed.

1. Respondent contends that mandamus is not the proper remedy. But, if the orders were valid, it was the duty of the respondent to pay them. The matter did not involve the judgment or discretion of the treasurer, within the meaning of the rule that mandamus lies only to compel the performance of ministerial duties. We hold that there was no speedy and adequate remedy at law, and that mandamus was the proper remedy to compel the performance by re-

spondent of an act which the law enjoined as a duty resulting from his office. State v. Ames, 31 Minn. 440, 18 N. W. 277; State v. Holgate, 107 Minn. 71, 119 N. W. 792. Nor does it affect this question that it was the duty of the treasurer to refuse payment of warrants when he had knowledge of facts which made them illegal. Such duty did not make the payment of legal warrants other than a ministerial duty. The question of their legality could be, as it in fact was, tried out in the mandamus proceeding, just as fully as in an action against the town on the warrants or on a quantum valebat.

2. Was the filing and approval of the bond required by statute absolutely essential to a recovery in this proceeding? That is, was the action of the board of supervisors in issuing to relator the warrants or orders referred to void, because the bond was not given, notwithstanding the contract had been fully completed and the work accepted?

Section 4535, R. L. 1905, provides that no contract with a municipal corporation, for the doing of any public work, shall be valid for any purpose, unless the contractor shall give a bond to the municipal corporation for the use of the obligee and all persons doing work or furnishing materials or machinery under the contract, conditioned to save the obligee harmless from all claims that may accrue on account of the doing of the work specified. Section 4536, as amended by Laws 1907, p. 535, c. 379 [R. L. Supp. 1909, § 4536], provides that the bond shall be approved by and filed with the treasurer of the obligee, and that, if such bond be not taken, the corporation or body for which the work is done under the contract shall be liable to all persons furnishing labor or material to the contractor for any loss resulting to them from the failure to take the bond.

As said in Wilcox Lumber Co. v. School District, 103 Minn. 43, 114 N. W. 262, the purpose of this statute was the protection of laborers and materialmen performing labor or furnishing materials for the execution of a public work to which the mechanic's lien statute does not apply. The bond stands as security for the payment of all obligations incurred by the contractor. If he fails, and is unable to pay such obligations, the corporation becomes liable for losses sustained by such failure and inability of the contractor to pay the debts

incurred by him. The statute provides that the contract shall not be valid for any purpose if the bond is not given and approved.

But conceding that the contract is void, and that it cannot be validated or vitalized, nevertheless it is clear that relator, on full performance of his work and the acceptance thereof by the town, had a moral and legal claim against the town for the reasonable value of his labor and the materials furnished. This is practically conceded by respondent, and is clearly correct under numerous decisions of this court. The supervisors of the town recognized this claim, and issued the orders in question in part payment thereof.

They must be presumed to have known that relator had not given the bond, as it was their duty to see that the bond was given, so as to protect the town from liability. They have charge of all the affairs of the town not by law committed to other officers. R. L. 1905, § 651. But they knew that relator had completed the work he agreed to do, that his services had been duly approved and accepted, and that the town was morally and legally liable for such services. We perceive no statutory prohibition against the issuance of orders to pay such a claim, notwithstanding that the contract under which the work was done may have been invalid. The question here is as to the validity of the orders issued to relator, and their validity depends, not on the validity of the contract, but on the validity of relator's claim in payment of which the orders were issued.

The invalidity of the contract, if it was invalid, was not because of fraud, or for any reasons that would defeat recovery of a claim for part performance. There was simply the failure to give security for the benefit of laborers and materialmen, an omission that may have rendered the contract invalid, but which could not and did not affect the right of the contractor to receive payment for his services after they were rendered and accepted. It was the duty of the supervisors to audit and allow proper accounts and claims against the town, and to draw orders on the treasurer in payment of such accounts and claims when allowed. They audited and allowed relator's claim, and drew the orders in question in part payment thereof. It was a legal and valid claim for services actually rendered and accepted, and we hold that the orders issued to relator were valid, even

though the contract may have been invalid. There being funds in his hands applicable to their payment, it was the duty of the treasurer to pay the orders.

It is immaterial whether this conclusion be based upon the doctrine that a contract that is ultra vires, but which has been fully performed by both parties, is no longer assailable by either, or upon the rule that one who renders services that are accepted by the corporation can recover on a quantum meruit. Either rule leads to the same result—the conclusions that the orders were valid.

The following authorities support the conclusions here reached: Schmidt v. County of Stearns, 34 Minn. 112, 24 N. W. 358; Andrews v. School District, 37 Minn. 96, 33 N. W. 217; Swenson v. Village of Bird Island, 93 Minn. 336, 101 N. W. 495; Currie v. School District, 35 Minn. 163, 27 N. W. 922; Wilcox Lumber Co. v. School District, 103 Minn. 43, 114 N. W. 262; Bell v. Kirkland, 102 Minn. 213, 113 N. W. 271, 13 L.R.A. (N.S.) 793, 120 Am. St. 621; Moore v. County of Ramsey, 104 Minn. 30, 32, 115 N. W. 750.

The judgment appealed from is reversed, with directions to the trial court to amend its conclusions of law in accordance with this opinion, and to grant the writ as prayed for in the petition.