KUNZ INSURANCE AGENCY v. JAKE PHILLIPS AND
OTHERS.
CENTRAL WEST CASUALTY COMPANY, INTERVENER.[1]

May 25, 1934.

No. 29,917.

*Oscar R. Knutson* for appellants S. J. Anderson and Western
Surety Company.

*Lynn B. Carroll,* for appellant Central West Casualty Company.

*Clarence T. Lowell* and *Leslie J. Kunz,* for respondent.

*LORING, Justice.*

Carl T. Kunz, doing business under the trade-name and style of
Kunz Insurance Agency, brought this action against Jake Phillips,
S. J. Anderson, and the Western Surety Company to recover pre-
miums due the plaintiff from Phillips for fire, theft, tornado, public
liability, collision, property damage, and workmen's compensation

[1]Reported in 255 N. W. 90.

insurance on coverage alleged to have been obtained by Phillips in connection with a subcontract which he had with Anderson, the principal contractor on a state highway job. The Central West Casualty Company, the surety on Phillips' bond to Anderson, intervened and became a party to the action. The trial court found against Phillips for the full amount sought by the plaintiff, and he is not an appellant here. It also found against the other defendants and the intervener for premiums on the liability and property damage and collision insurance. It found against them for the premiums on the workmen's compensation insurance, about which there is no controversy on this appeal. Guaranteed G. & S. Co. v. Aetna C. & S. Co. 174 Minn. 366, 219 N. W. 546.

2 Mason Minn. St. 1927, § 9700, requires a public contractor to give a bond to the state for the "use of the obligee and of all persons doing work or furnishing * * * insurance premiums * * * for the purpose of, such contract, conditioned for the payment, as they become due, of all just claims for such work, * * * insurance premiums * * * for the completion of the contract in accordance with its terms, for saving the obligee harmless from all costs and charges that may accrue on account of the doing of the work specified, and for compliance with the laws appertaining thereto."

The principal question presented by this record is whether premiums for public liability, property damage, and collision insurance are included within the term "insurance" used in § 9700. These forms of insurance are not by law required to be carried by a public contractor and are for his protection against financial loss and in no other manner enter into the performance or completion of the contract in accordance with its terms. The purpose of the bond is to protect those furnishing labor and material used in the performance of the contract. Wilcox Lbr. Co. v. School Dist. No. 268, 103 Minn. 43, 114 N. W. 262. The insurance here involved is for the contractor's own protection. It is readily distinguished from workmen's compensation insurance to protect workmen, which the law requires. We think the premiums on compensation insur-

ance were all the legislature intended to include within the coverage of the bond, and that the public liability, property damage, and collision insurance should be held to be without its protection, where the trial court very properly placed the fire, theft, and tornado insurance.

The record is too vague as regards the relationship of plaintiff to the company to justify the defense, as to the compensation premiums, that plaintiff should look to his principal, the Central West Casualty Company, the surety on Phillips' bond to Anderson, for reimbursement. Apparently he was merely a broker designated as "general agent" and has paid the premiums to his company.

The order of the trial court is reversed and the case remanded with directions for further proceedings in accordance with the views herein expressed.

Reversed.